### SLATER STEEL RIG CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 16095—Opinion Filed July 7. 1925.

Rehearing Denied Sept. 15, 1925.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Power of Industrial Commission to Vacate Void Orders.**

Where the State Industrial Commission makes an order on a matter not before it by pleadings or otherwise and without a hearing and makes recitations of fact therein which its own records and previous orders show to be erroneous, same is void and may be vacated or set aside by the Commission at any time on its own motion or on application of the party or parties affected thereby.

2. **Same—Statutes.**

An order so made is not such an award or decision as is contemplated by section 7296 or 7297, C. O. Stat. 1921, and it is therefore not necessary to proceed under either of said sections to obtain relief as against said void order.

Appeal from Order of State Industrial Commission.

Proceeding by the Slater Steel Rig Company and another to review award by Industrial Commission for medical and hospital service rendered an injured employe. Affirmed.

Twyford & Smith, for petitioners.

West & Petry, for Dr. R. V. Smith and Morning Side Hospital.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondents.

HUNT, J. This is an appeal from the order of the State Industrial Commission made and entered on December 22, 1924, vacating and setting aside an order of dismissal previously entered in said cause on January 5, 1923, and also finding that the claim

of the Morning Side Hospital in the sum of $130 is a proper charge against petitioners herein and ordering the same paid by the insurance carrier.

The essential facts are that one Walter Garrett, an employe of the Slater Steel Rig Company, sustained an accidental injury arising out of and in the course of his employment on May 12, 1921, and that he was awarded compensation and medical, surgical, and hospital attention and treatment under the provisions of the Workmen's Compensation Law. That on August 4, 1922, the State Industrial Commission made an order directing the claimant, Walter Garrett, to submit himself to Dr. Ralph V. Smith for a certain operation and for such treatment as in the opinion of said Dr. Smith might be necessary, said operation and treatment, according to the provisions of said order, to be rendered at the expense of the respondent and insurance carrier, the petitioners herein. That said services were not rendered pursuant to contract entered into between the Morning Side Hospital and the petitioners herein, but were rendered in pursuance of said order of August 4, 1922, to which no objection was made by any of the parties, but which was acquiesced in by all. Thereafter, on January 5, 1923, the Commission entered the following order:

"Now on this the 5th day of January, 1923, this matter comes on to be determined on the testimony heretofore taken at Tulsa, Okla., and it appearing from said testimony that there was a contract whereby this medical bill was incurred. This Commission is therefore without jurisdiction to enforce the same.

"It is therefore ordered: That this claim which was heard to determine the status of said medical bill be and the same is hereby dismissed for want of jurisdiction".

On July 18, 1924, a motion was filed to set aside the order of January 5, 1923, and set the matter down for hearing and upon a hearing to make an order for the benefit of the surgeon and the hospital. The grounds set up in the motion to vacate were that the order of January 5, 1923, was erroneous and void for the reason that there was in fact no contract in the case whatsoever, and that the services were rendered, not under contract as recited in the order, but were in fact rendered at the instance and request of the Commission as per its order of August 4, 1922. A hearing was had and testimony taken on October 17, 1924, and subsequent thereto, on December 22, 1924, the order appealed from herein was entered by the Commission. The principal grounds

urged by the respondent and insurance carrier for reversal of the order of the Commission is that the Commission was without jurisdiction to enter the order of December 22, 1924, for the reason that the order of January 5, 1923, was never appealed from and it became final, since no motion or pleading was filed against it within 30 days after its rendition and filing, citing section 7297, C. O. Stat. 1921. This is the section of the Workmen's Compensation Law providing for appeals to this court from the award or decision of the Industrial Commission, and, among other things, it provides:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected an action is commenced in the Supreme Court of the state to review such award or decision".

The question then presents itself, under the facts in this case. Was the order of January 5, 1923, such an award or decision as is contemplated by section 9297, supra, from which an appeal must be taken within 30 days? We think not. The order clearly shows on its face that the Commission made no award or decision in the matter on its merits, but refused to take jurisdiction under a misapprehension of the facts and of its own order in the case and dismissed the case for a reason that its own records show was an error of fact on its part, the services being rendered at the instance and request of the Commission under its order of August 4, 1922, and not under any contract as recited in the order of dismissal. It is clearly apparent from the record that the order of January 5, 1923, was issued without any pleadings or testimony on which to base same, and the subsequent orders of the Commission indicate that it was entered through inadvertence or mistake. We are of the opinion that the order is therefore void, and constitutes a fraud on the rights of the respondents herein, and that the Commission therefore not only has the right but it is its plain duty to vacate same at any time upon the facts being called to its attention.

Neither section 7292, supra, nor section 7296, providing for the review of awards, covers the situation here involved. No award was made or denied, and hence no review is sought, and it is therefore not necessary in the instant case to show a "change of condition". We have carefully considered the authorities cited by the petitioners in support of their contention, and are in accord with the principles of law therein announced, but,

considering them in connection with the record before us, we must conclude that they are not in point with the instant case.

In the case of Tidal Refining Co. v. Tivis et al., 91 Okla. 189, 217 Pac. 163, in an opinion by Commissioner Stephenson, we find this language:

"In order for the petitioner to be entitled to the relief sought, it must show that the award of the respondent was void, which it asserts to be true in this proceeding."

The petition in this case was filed more than 30 days after the award was made, and it would seem from the language above quoted that the Commissioner concluded and so held that if the petitioner could have shown that the order was void, then the fact that the petition was not filed within the 30 day period required by section 7297, supra, would not prevent it from seeking the relief prayed for. No complaint seems to be made as to the reasonableness of the award, and the evidence offered clearly sustains the same, and the same is therefore affirmed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, CLARK, and RILEY JJ., concur. BRANSON, J., absent, and not participating.

Note.—See under (1) Workmen's Compensation Acts, C. J. p. 117, § 115 (1926 Anno). (2) Workmen's Compensation Acts, C. J. p. 117, § 115 (1926 Anno).