## HALE v. MORRIS et al.

No. 17234—Opinion Filed Oct. 19, 1926.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Time for Appeal from Award.**

An action to review an award of the State Industrial Commission must be filed in this court within 30 days after notice of the award is sent to the parties affected.

### 2. Same—Time for Appeal not Extended by Motion to Modify.

The statutory period provided for lodging an action in this court to review an award of the State Industrial Commission cannot be extended by the Commission entertaining a motion to modify such award.

### 3. Same—Dismissal of Action to Review.

The petition to review the award of the State Industrial Commission not having been filed in this court within 30 days after notice of the award of the Commission has been sent to the parties affected, the action will be dismissed.

Action to Review Award of State Industrial Commission.

Action by Elva Hale to review a decision of the Industrial Commission made on a joint petition of Hale and W. C. Morris and the Continental Casualty Company. Dismissed.

E. G. Wilson, for petitioner.

Ross & Thurman and S. J. Clay, for respondent.

Fred Hansen, Asst. Atty. Gen., for Industrial Commission.

PER CURIAM. This is an action to review the award and decision of the State Industrial Commission, and particularly to review the order of the Commission refusing to modify its award, made on the joint petition of the parties herein.

The respondents have filed their motion to dismiss the action, charging that said action was not filed in this court within the time allowed by statute in order to give this court jurisdiction to review the award of the Commission.

Section 7297, C. O. S. 1921, amended by S. L. 1923, ch. 61, sec. 8, provides that the action to review must be filed in this court within 30 days after notice of the award has been sent to the parties affected. The award was made on August 11, 1925, on the joint petition of the parties: on January 30, 1926, the petitioner filed a motion with the Commission to have the award modified; this motion was overruled on February 15, 1926; and this action lodged in this court March 10. 1926.

The respondent shows by affidavit of A. N. Bond, secretary of the Commission, that notice of the award was sent to the parties affected on the same day, August 11, 1925, that the award was made. The petitioner also states, in his petition filed herein, that the award was made on that date, therefore the action should have been filed in this court within 30 days thereafter.

This question was disposed of in Knowles v. Whitehead Oil Co. et al., 121 Okla. 55, 247 Pac. 653, wherein it was held:

"The statutory period provided for lodging an action in this court to review an award or decision of the State Industrial Commission cannot be extended by entertaining a petition to rehear or review in the Industrial Commission."

And in this connection no distinction can be seen between a motion to modify the award and a petition to rehear the award or decision.

The time for lodging an action in this court to review the award of the Commission would run indefinitely, and the statute limiting the time to 30 days would be without effect, if this court should take jurisdiction of an action to review the award of the Commission which is filed here within 30 days after the Commission overruled a motion to modify or a petition to rehear, since such motion or petition could be filed with and disposed of by the Commission at any time after the award was made.

Other questions are presented in the motion to dismiss the appeal, but it is unnecessary to consider them, as the appeal must be dismissed because the same was not lodged here within the statutory period. The appeal is dismissed.

Note.—See C. J. p. 120, §123 (Anno.).