## DEVERS v. PHILLIPS PETROLEUM CO.

No. 17470—Opinion Filed March 15, 1927.

Rehearing Denied April 26, 1927.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Time for Proceedings to Review Award.**

Section 7297, C. O. S. 1921, as amended by Laws of 1923, chapter 61, section 8, provides for a review in the Supreme Court from an award or decision of the State Industrial Commission, and under such provision said action must be filed in this court within 30 days after notice of the award or decision of the Industrial Commission has been sent to the parties affected, and unless the petition for review is filed within 30 days after such notice, this court does not have jurisdiction to review the same and the action will be dismissed.

2. **Same—Time not Extended by Petition for Rehearing Below.**

The statutory period provided for lodging an action in this court to review an award or decision of the State Industrial Commission, cannot be extended by entertaining a petition to rehear or review, in the Industrial Commission.

From a final award of the Industrial Commission, C. J. Devers brings this action to review such award. Dismissed.

E. R. Powers, for petitioner.

R. G. McKinney and Charles B. Hickok, for respondent.

PER CURIAM. On March 23, 1926, Industrial Commission made final award on joint petition for final settlement as provided in section 7325. C. O. S. 1921, as amended by section 13, chapter 61, Session Laws 1923. A copy of said award was sent to all parties affected thereby on March 23, 1926.

Thereafter, on April 27, 1926, the petitioner herein, who was claimant before the Industrial Commission, filed his motion with the Commission to review said award, and on the 30th day of April, 1926, the Industrial Commission made an order overruling said motion.

The petition for review of the final award of the Industrial Commission was filed in this court May 26, 1926. and the cause is now before this court on motion of respondent to dismiss this action, for the reason the petition to review said award was not filed in this court within 30 days after a copy of said award was sent by said Commission to the parties affected.

Section 7297, C. O. S. 1921, as amended by section 8, chapter 61, Session Laws 1923, provides that the award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court to review such award or decision.

The question raised by the respondent herein was passed upon by this court in the case of Knowles v. Whitehead Oil Company et al., 121 Okla. 55, 247 Pac. 653, wherein it is held:

"The petition to review the award of the Industrial Commission not having been filed in this court within 30 days after notice of the award or decision of the Industrial Commission had been sent to the parties affected the action will be dismissed."

In the case at bar, the petition for review was filed in this court May 26, 1926. The order made by the Industrial Commission overruling petitioner's motion to review the award before the Commission. was so made on April 30, 1926, but the filing of the motion before the Commission to review the award, and the making of the order overruling the same, did not extend the time in which to file the petition in this court

to review said award. In the case of Knowles v. Whitehead Oil Company, supra, it is held:

"The statutory period provided for lodging an action in this court to review an award or decision of the State Industrial Commission cannot be extended by entertaining a petition to rehear or review in the Industrial Commission."

The petition filed in this court to review the award made by the Commission on March 26, 1926, not having been filed in this court within the 30-day period, as provided by law. this court does not have jurisdiction to review the same, and this action is dismissed.

Note:—See Workmen's Compensation Acts —C. J. p. 119, §123; anno. L. R. A. 1917D, 191; 28 R. C. L. p. 827; 4 R. C. L. Supp. p. 1872.