## ADMIRALTY LEAD & ZINC CO. et al. v. ROBINSON et al.

No. 21783. Opinion Filed March 22, 1932.

Hayes, Richardson, Shartel, Gilliland & Jordan (by Eugene Jordan), for petitioners.

Wm. M. Thomas, for respondent.

CLARK, V. C. J. This is an original proceeding filed in this court by petitioners to review an award of the State Industrial Commission made and entered on the 5th day of September, 1930, in favor of E. Robinson, respondent herein, wherein the Commission found that Robinson on the 23rd day of May, 1929, while in the employment of petitioner herein, engaged in a hazardous occupation, sustained an accidental injury, arising out of and in the course of his employment, consisting of an injury to his eyes; that the average weekly wage of claimant below at the time of said accidental injury was $25.50; and awarded claimant below temporary total disability, which had been paid, and also found that by reason of said accidental injury the claimant below sustained a 30 per cent. loss of vision or sight in the left eye and 20 per cent. loss of vision or sight in the right eye, which was equivalent to 25 per cent. loss of vision of both eyes, and awarded claimant below compensation at the rate of $16.35 per week for a period of 125 weeks permanant partial disability.

Under petitioners' 6th assignment of error they contend:

"That said order and award of the State Industrial Commission denies your petitioners due process of law in that the same is wholly predicated upon incompetent evidence and without a fair opportunity for your petitioners to be heard."

Petitioners contend that the testimony of Dr. W. A. Bundy, witness for claimant below, the only expert produced by the claimant below, should not be considered, for the reason that the petitioners had no notice of the subsequent hearing on July 23, 1930, at which time Dr. Bundy was permitted to testify. at which time petitioners were not present or represented by counsel.

The order of September 5, 1930, recited that hearing herein was held on July 22 and 23, 1930, before Thos. H. Doyle, Chairman, and that claimant appeared in person and by William M. Thomas, and the respondent and insurance carrier appeared by Eugene Jordan.

The record further discloses an order of the Commission dated the 12th day of November, 1931, correcting the transcript of record, wherein the Commission found:

"The Commission further finds that the true facts are that on July 22, 1930, a hearing was held in said cause at Miami, and the parties appeared as above stated, and that during the course of the trial, claimant's attorney, W. M. Thomas, stated that he might desire later on during the day to

offer further evidence, but that if he desired to do so he would present such testimony later that day; that just before the hour of adjournment had arrived, counsel for respondent insurance carrier called the court's attention to said matter and stated that he desired to return to Oklahoma City on the evening train, and Chairman Thos. H. Doyle excused him from further attendance during that day, and stated that no further testimony would be taken in said cause at that period; that on the following day, later in the afternoon, counsel for claimant appeared, stated he desired to offer the testimony of W. A. Bundy, which said testimony was taken on the 23rd day of July, 1930, * * * and at such hearing no notice was given to respondent insurance carrier and their attorney, Eugene Jordan, was not present at said hearing, as recited in said record."

The record, as shown by the corrected order of the Commission, showing that counsel for petitioners had been excused at the close of the hearing on July 22, 1930, and advised by the commissioner that no further testimony would be taken in said cause at that period, we are of the opinion that the commissioner erred, and deprived the petitioners of their substantial rights to have notice of the hearing on the day the testimony of respondent's witness, Dr. W. A. Bundy, was taken, in order that they may have counsel present, if they so desire.

The award as to permanent partial disability is reversed, and the cause is remanded to the State Industrial Commission for further proceedings in accordance herewith.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.