This appeal is from a judgment of the Division of Workmen's Compensation of the New Jersey Department of Labor and Industry awarding compensation to the petitioner. The accident happened in Brooklyn, New York. Defendant contends (1) that the contract of employment was made outside the State of New Jersey, and (2) that the Division of Workmen's Compensation failed to give full faith and credit to the award of the New York Compensation Bureau.
The defendant had its office in New York City and was engaged in the stevedoring business in and around New York harbor. Milton Held, treasurer of the defendant, had the direct supervision over hiring of employees. On February 9, 1948, after a meeting with defendant's superintendents, he arranged for the various gangs that were to be hired. On this particular day he wished to hire some men from Newark, New Jersey. He called the I.L.A. Union Hall at Newark, New Jersey, and asked them to send over "a couple of gangs" to a *Page 102 
specified job in Brooklyn, New York. A gang consists of a hatch boss and twenty men. The Union maintains a bulletin board in the Longshoremen's Cafe in the City of Newark where the various longshoremen meet and look for work. This board contains the name of each hatch boss, and as the orders from the stevedoring companies come in for men, the Union delegate transmits these orders to a hatch boss by writing under his name how many men he is to take, where he is to go, and the time of reporting for work. The hatch boss then completes a gang and arranges for their appearance on the job.
When the call came from Held on February 9, 1948, the Union delegate posted the usual information under the name of a hatch boss, Fernandez. Following the regular practice, Fernandez on that day told the members of his gang, including the petitioner, that they had this job in Brooklyn on the following day and to meet at 7 A.M. the following morning at the cafe in Newark. Pursuant to Fernandez's instructions, the members of his gang, including the petitioner, met him at the cafe in Newark at 7 A.M. the following morning and went by automobile to the job in Brooklyn. When the gang arrived at the job, the stevedore told the hatch boss where his gang was to work. There was no discussion of wages or hours, since these were fixed by union contract and were known to all the parties. The petitioner took orders only from his hatch boss, Fernandez. While working on this job in Brooklyn on February 10, 1948, the petitioner was injured.
When a contract of employment is made in this State, it is immaterial whether the compensable accident occurs here or elsewhere. Gotkin v. Weinberg, 2 N.J. 305 (1949). We agree with the Deputy Director that the contract of employment in this case was made in New Jersey. When Held, the treasurer of the defendant, phoned the Union local in Newark, New Jersey, for two gangs of men, he constituted the Union local the defendant's agent to offer employment. Fernandez, the hatch boss acting for the Union local, made the offer of employment to the petitioner on February 9, 1948. While it is true that there was no proof of oral acceptance in this State by the petitioner of the offer of employment *Page 103 
made by Fernandez, the offer was accepted in this State by petitioner's acts. His tacit assent when the offer of employment was made, coupled with his compliance with the terms of the offer which required his meeting with Fernandez at 7 A.M. on February 10th at the cafe in Newark, for the purpose of proceeding to the job in Brooklyn, constituted an acceptance in this State. Although assent must be manifested in order to be legally effective, it need not be expressed in words. Modern law rightly construes both acts and words as having the meaning which a reasonable person present would put upon them in view of the surrounding circumstances. 1 Williston, Contracts, § 22A (Rev.Ed. 1938). Cf. Raiche v. Standard Oil Co., 137 F.2d 446
(C.C.A. 8th 1943); Standard Oil Co. v. Lyons,130 F.2d 965 (C.C.A. 8th, 1942); Daggett v. Kansas City StructuralSteel Co. (Mo. Sup. Ct. 1933), 65 S.W.2d 1036. A hiring contract does not require formality. Cf. Essbee Amusement Corp.v. Greenhaus, 114 N.J.L. 492 (Sup. Ct. 1935). It may be accomplished with words, or may be implied from conduct without words. Pfister v. Doon Electric Co., 199 Iowa 548,202 N.W. 371.
Sabella v. Brazileiro, 86 N.J.L. 505 (Sup. Ct. 1914); affirmed, 87 N.J.L. 710 (E. A. 1915), relied on by defendant, is not to the contrary. In the Sabella case there was nothing to show that Sabella, by word or act, accepted the offer in New York before going to the place of employment in Jersey City, and nothing to show that Sabella communicated to defendant's agent, either by word or act, that he intended to go to Jersey City for the purpose of work, or that the defendant's agent knew that he intended to go or did go to Jersey City.
The contention that the Division of Workmen's Compensation failed to give full faith and credit to the award of the New York Compensation Bureau is wholly lacking in merit. There was no judgment or award of the New York Compensation Bureau before the Deputy Director.
The judgment is affirmed. *Page 104