**A. J. MILLS, Petitioner,**

v.

**W. E. LOGAN & SONS, United States Fidelity & Guaranty Company and the State Industrial Commission of the State of Oklahoma, Respondents.**

No. 36021.

Supreme Court of Oklahoma.

Feb. 21, 1955.

Rehearing Denied Feb. 21, 1955.

Application for Leave to File Second Petition for Rehearing Denied
March 29, 1955.

Brown, Brown & Brown, McAlester, for petitioner.

H. R. Palmer, Fenton & Fenton, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, Justice.

This is an original proceeding by A. J. Mills to review an order of the State Industrial Commission entered April 28, 1953, holding that a previous order of the Commission dated March 10, 1952, being unappealed from became final and that the Commission had lost jurisdiction to take any further action in the case.

On April 4, 1951, A. J. Mills, claimant, sustained an accidental personal injury arising out of and in the course of his employment with W. E. Logan & Sons; he filed notice of his injury on June 7, 1951, and thereafter received temporary total disability compensation for approximately 7 weeks; on November 28, 1951, and on December 18, 1951, hearings were had and testimony taken as to the cause and extent

of claimant's injury; claimant was present in person and was represented by his attorney, Mr. Garrett; one doctor testified in claimant's behalf and written reports of three doctors who had examined claimant on the insurance carrier's behalf were introduced by stipulation; an agreement was made between the parties at this latter hearing that the commissioner would send claimant to Dr. A. C. Lisle for examination and after the doctor's report was received the case would be submitted; on January 30, 1952, claimant wrote a letter to Mr. Garrett, his attorney, discharging him; on the same date he wrote and registered a letter to the Industrial Commission advising it that he had discharged Mr. Garrett as his attorney, requesting the Commission to assess the attorney's fee and asking that a further hearing be had in McAlester; on February 5, 1952, the trial commissioner made an order in compliance with an agreement of the parties made at the hearing on December 18th, ordering claimant to report to Dr. A. C. Lisle for examination and allowing each party five days after receipt of Dr. Lisle's report within which to file request for cross-examination; claimant reported to this doctor on February 18, 1952, for examination and at that time talked with the trial commissioner telling him that he had not received an answer to his letter to his attorney discharging him; Dr. Lisle filed his report to the Commission on February 28, 1952; on March 3, 1952, the trial commissioner sent copies of the doctor's report to the attorneys for the insurance carrier and to Mr. Garrett; the attorneys for the insurance carrier and Mr. Garrett by letters expressly waived cross-examination; on March 10, 1952, the trial commissioner entered an order denying claimant's claim for temporary total and permanent partial disability; copies of this order were sent to the attorneys for the insurance carrier and to claimant; on March 19th, claimant employed his present attorney to represent him in the cause; on March 20th, claimant filed a motion for rehearing before the trial commissioner asking that the order of March 10th be set aside because claimant's former attorney, Mr. Garrett, had no authority to waive cross-examina-

tion of Dr. Lisle for him and because the commissioner had not granted claimant's request for further hearing at McAlester; this motion was overruled by the trial commissioner on May 5, 1952; on May 10th, claimant gave notice of appeal to the commission en banc from the trial commissioner's order of May 5, 1952; on June 23rd the commission entered an order vacating the order of the trial commissioner of May 5th, and remanding the cause for further proceedings; further hearings were had and additional testimony going to the extent and nature of claimant's disability was introduced on September 9, 22 and December 17, 1952, January 30, 1953; on April 28, 1953, the trial commissioner entered an order finding that the order of the trial commissioner dated March 10, 1952, had not been appealed from and became final and that the commission was without jurisdiction to take any further action in the cause.

Claimant states that the sole question here presented is whether the commission had lost jurisdiction over the cause by virtue of the order of March 10, 1952. Claimant admits that under 85 O.S.1951, §§ 29 and 77 an appeal may be taken from the order of a trial commissioner to the commission en banc within 10 days, and after the commission en banc has entered its order either party may bring an original action to review such order in this court within 20 days from the date of the order; that if no appeal to the commission en banc is taken from the order of the trial commissioner an original proceeding to review the order of the trial commissioner must be lodged in this court within 20 days from the date of such order. Claimant claims however that the 20 day period in which to bring a proceeding in this court does not apply to orders of the commission which are invalid, null and void; that the order of March 10th denying claimant's claim for compensation is void because claimant was denied a full, fair and impartial hearing and the opportunity to present his evidence fully and that claimant was denied the right of representation by counsel of his own choice. In support of his contention he cites Hauschildt v. Collins, 152 Okl. 193, 4 P.2d 99; Forrester v. Marland, 142

Okl. 193, 286 P. 302; Admiralty Lead & Zinc Co. v. Robinson, 156 Okl. 4, 9 P.2d 708; and 1800 Restaurant, Inc. v. Gossett, Okl., 262 P.2d 437; and Slater Steel Rig Co. v. State Ind. Comm., 113 Okl. 117, 239 P. 460; Union Indemnity Co. v. Saling, 166 Okl. 133, 26 P.2d 217. These last two cases hold that the rule that the jurisdiction of the State Industrial Commission to vacate or modify its judgments on any ground except a change of condition expires 30 days after the sending of a copy of such award to the parties affected thereby has no application to decisions or awards which are void upon their face.

▆▆ The Industrial Commission had jurisdiction of the subject matter and of the person of claimant. Prior to the entry of the order of March 10th, two hearings had been held at which claimant had introduced evidence. Conceding for the sake of argument that the waiver of cross-examination of Dr. Lisle by Mr. Garrett, the attorney whom claimant had discharged, was not binding on claimant and therefore the report of Dr. Lisle is merely an ex parte report, there is ample evidence in the record without this report to sustain the order of the trial commissioner made on March 10, 1952. The order is not void upon its face nor upon the face of the judgment roll. Claimant hired another attorney prior to the expiration of the 10 day period in which he could appeal to the commission en banc from the order of March 10th. Instead of filing such appeal, calling the attention of the commission en banc to the fact that he desired to introduce further evidence and to cross-examine Dr. Lisle, he chose to file a motion for rehearing before the trial commissioner. Or he could have filed an original proceeding in this court to review the order of March 10th within 20 days from March 10th which he did not do. Filing of motion to vacate order of the Industrial Commission does not extend the time to institute proceedings for review in the Supreme Court. Union Indemnity Co. v. Saling, 166 Okl. 133, 26 P.2d 217. Nor can time for reviewing an award of the Industrial Commission be extended by the Commission's entertaining a petition for rehearing. Devers v. Phillips Pet. Co., 124 Okl. 244, 255 P. 581; Hale v. Morris, 121 Okl. 295, 250 P. 73.

▆▆ The order of the trial commissioner of May 5, 1952, denying the motion for rehearing, the appeal by claimant on May 10th to the commission en banc from that order and order of the commission en banc granting further rehearing made on June 23rd were all made after the expiration of 20 days from the order of March 10th and the commission was without jurisdiction to enter any order. If the trial commissioner erred in accepting the discharged attorney's waiver of cross-examination on behalf of claimant and thereafter entering the order of March 10th such error does not make the order void upon its face. Claimant chose the wrong method to correct such error. His remedy lay by appeal to the commission en banc from said order within proper time or by bringing an original action in this court within 20 days from the date of such order, either of which he could have done after receipt of said order. Instead he allowed the order to become final without bringing proper petition for review. The commission therefore lost all jurisdiction of the case except upon a showing of change in condition.

Order sustained.

JOHNSON, C. J., and CORN, HALLEY, and JACKSON, JJ., concur.

WILLIAMS, V. C. J., and WELCH, DAVISON, and BLACKBIRD, JJ., dissent.