FOSTER WHEELER CORPORATION,
Petitioner,

v.

Richard Jerry BENNETT, Deela Bennett,
Guardian of Richard Jerry Bennett, Aetna
Casualty and Surety Company, Liberty Mutual Insurance Company and the State Industrial Court, Respondents.

No. 38718.

Supreme Court of Oklahoma.

Aug. 9, 1960.

Sanders & McElroy, Tulsa, for petitioner.

Covington, Donovan & Gibbon, Tulsa, for petitioner Aetna Casualty & Surety Co.

Troye Kennon, Tulsa, for respondents Richard Jerry Bennett and Deela Cecil Bennett, guardian of Richard Jerry Bennett.

Mac Q. Williamson, Atty. Gen., for State Industrial Court.

WILLIAMS, Vice Chief Justice.

This proceeding is brought by Foster Wheeler Corporation, hereinafter referred to as Foster Wheeler or petitioner, to review an award made to Richard Jerry Bennett and Deela Cecil Bennett, guardian of Richard Jerry Bennett, an incompetent.

The record discloses that Foster Wheeler was constructing a refinery at Neodesha, Kansas, and on the 6th day of December, 1957, claimant, an employee thereof, sustained a serious injury when he was struck in the head by wire mesh. Foster Wheeler operated in Oklahoma and its Oklahoma operations were insured by Liberty Mutual Insurance Company. Its Kansas operations were insured by Aetna Casualty and Surety Company.

The award of the State Industrial Court is in part as follows:

"That the claimant did, on December 8, 1957, sustain an accidental personal injury, arising out of and in the course of his hazardous employment, to his head.

"That claimant was employed in the State of Oklahoma to perform services covered by the Workmen's Compensation Law of Oklahoma [85 O.S. 1951 § 1 et seq.] in the State of Kansas, and that such services were performed for the Foster Wheeler Corporation, who was claimant's employer at the time of the accident; and that the Aetna Casualty & Surety Company carried a Workmen's Compensation Policy for all liabilities occurring in and subject to the law of the State of Kansas; that Liberty Mutual Insurance Company was insurance carrier of a Workmen's Compensation Policy for all liabilities incurred under the Workmen's Compensation Laws of the State of Oklahoma, with the specific exception of this particular employment involved herein.

"That as far as Foster Wheeler Corporation is concerned on this particular job, since claimant has elected, within the time provided by law, to take his benefits under the Workmen's Compensation Law of Oklahoma, they are without compensation coverage by either of the above named insurance

companies, and claimant's claim against both companies is denied.

"That claimant has been temporarily totally disabled from the date of injury to October 1, 1958, and is entitled to compensation for 43 weeks at $35.00 per week, or the total amount of $1505.-00, less any amounts paid thereon under the laws of the State of Kansas.

"That claimant's rate of compensation is $35.00 per week for temporary total disability and $30.00 per week for permanent partial disability.

"That respondent, Foster Wheeler Corporation, is also ordered to pay all reasonable and necessary medical bills incurred for treatment of claimant.

"That claimant's rights to award for permanent partial disability are reserved for a further hearing by the Commission.

"It is therefore ordered that claimant's claim for compensation against Liberty Mutual Insurance Company and Aetna Casualty & Surety Company is denied.

"It is further ordered that Foster Wheeler Corporation is liable for the payment of compensation and medical bills awarded herein.

"It is further ordered that respondent, Foster Wheeler Corporation pay to claimant compensation for temporary total disability in the amount of $1505.00, less any amounts heretofore paid thereon under the laws of the State of Kansas, same being for the period of time set forth in Finding of Fact No. 4.

"It is further ordered that respondent, Foster Wheeler Corporation, pay all reasonable and necessary medical bills incurred for treatment of claimant by reason of said injury.

"It is further ordered that claimant's rights to award for permanent partial disability are reserved for a further hearing by the Commission.

"It is further ordered that the sum of $1505.00 shall be less 20 per cent, or $301.00, which is to be deducted and paid to claimant's attorney, Troye Kennon, as a fair and reasonable fee herein."

The record discloses that claimant has been paid an indefinite amount at the rate of $34 per week by the Aetna Casualty and Surety Company and medical expenses in the amount of $2,500. These payments are admitted by claimant and it is stated were made under the Workmen's Compensation Law of Kansas (G.S.1949, 44–501 et seq.) but no evidence of any proceeding in Kansas was introduced.

Paul Jenkins testified: On the 8th day of July, 1957, he was general foreman or superintendent of crafts for Foster Wheeler; that he told the general superintendent that he needed three iron workers and was told by the superintendent to obtain them. He then called by telephone and talked to Jack Price, agent for Labor Union Local 584 at Tulsa, Oklahoma, with which petitioner had an arrangement for employment, and told Price he needed three journeymen iron workers. Price sent claimant and two other workers. Claimant went by automobile and took a referral slip which listed his qualifications for work and the amount of hourly pay. Claimant was paid for work commencing at 8 o'clock A.M. of that day; claimant arrived at the place of work at approximately 11 o'clock A.M. It was 145 miles from Tulsa to the place of work. When claimant arrived he delivered his referral slip to D. E. Button, project superintendent for Foster Wheeler at Neodesha, Kansas and was assigned to his job.

■ Petitioner first argues that it had no notice of the proceeding on May 21, 1958, at which time the hearing was conducted before the trial judge at Tulsa, Oklahoma. It cites Admiralty Lead & Zinc Co. et al. v. Robinson et al., 156 Okl. 4, 9 P.2d 708; Hauschildt et al. v. Collins et al., 152 Okl. 193, 4 P.2d 99; and Nelson v. Central State Roofing Co. et al., Okl., 345 P.2d 866. These are cases in which an

order or award was made in the absence of the adverse party and without any knowledge of the hearing or proceedings. They are not in point. We have discussed the right to a full and complete hearing in Conrad v. State Industrial Commission et al., 181 Okl. 324, 73 P.2d 858; Amerada Petroleum Corp. v. Hester et al., 188 Okl. 394, 109 P.2d 820; Pioneer Mills Co. et al. v. Webster et al., 186 Okl. 616, 99 P.2d 507; and Barnsdall Refining Corp. v. Locker, 182 Okl. 318, 77 P.2d 749, 750. The petitioner had due notice of the filing of the claim. It was present at all times including the hearing at Tulsa, Oklahoma, on the 21st day of May, 1958, and knew that the case had been continued to the Tulsa docket and set for this date. Foster Wheeler had been advised of all the proceedings, including the setting of the case, by counsel for claimant and at no time did Foster Wheeler ask for a continuance or request any delay on the ground that it had been prejudiced by a failure to have any notice of the proceeding. In Barnsdall Refining Corp. v. Locker, supra, it is stated:

"It is the duty of the State Industrial Commission to grant to both the employer and the employee full opportunity to be heard in a proceeding brought before it, but, before an award entered by the commission denying or approving the claim of an injured employee will be vacated for failure to grant a continuance, it must appear that there has been a substantial failure to afford a full and complete hearing."

The petitioner was not deprived of a right to a full and complete hearing.

■ Petitioner also argues the State Industrial Court erred as a matter of law in holding the contract of employment was made in Oklahoma. It cites, among other cases, Hunt et al. v. Jeffries et al., 236 Mo. App. 476, 156 S.W.2d 23; Cobb v. International Paper Co. et al., La.App., 76 So.2d 460. In Daggett et al. v. Kansas City Structural Steel Company et al., 334 Mo. 207, 65 S.W.2d 1036, the Kansas City Structural Steel Company was operating a plant in Kansas. Claimant lived in Missouri. Thomas, a foreman for employer, contacted an employee named Baxter in Missouri and told him to bring claimant and come to Kansas to work. The Supreme Court of Missouri in sustaining an award for claimant held the contract of employment was made in Missouri.

In Gomez v. Federal Stevedoring Co., Inc., 5 N.J.Super. 100, 68 A.2d 482, 483, in circumstances quite similar to the case under consideration, it was held where a union agent sent claimant to another state from New Jersey the contract was made in New Jersey. Therein it is stated:

"When a contract of employment is made in this State, it is immaterial whether the compensable accident occurs here or elsewhere. Gotkin v. Weinberg, 2 N.J. 305, 66 A.2d 438 (1949). We agree with the Deputy Director that the contract of employment in this case was made in New Jersey. When Held, the treasurer of the defendant, phoned the Union local in Newark, New Jersey, for two gangs of men, he constituted the Union local the defendant's agent to offer employment. Fernandez, the hatch boss acting for the Union local, made the offer of employment to the petitioner on February 9, 1948. While it is true that there was no proof of oral acceptance in this State by the petitioner of the offer of employment made by Fernandez, the offer was accepted in this State by petitioner's acts. His tacit assent when the offer of employment was made coupled with his compliance with the terms of the offer which required his meeting with Fernandez at 7 a. m. on February 10th at the cafe in Newark, for the purpose of proceeding to the job in Brooklyn, constituted an acceptance in this State. Although assent must be manifested in order to be legally effective, it need not be expressed in words. Modern law rightly construes both acts and words as having the meaning which a reasonable person present would put upon them in

view of the surrounding circumstances. * * *"

We think the rule announced in these latter cases applicable here rather than the rule contended for by petitioner and hold the contract was made in Oklahoma. See, also, General Electric Company et al. v. Folsom et al., Okl., 332 P.2d 950.

Petitioner also argues the medical evidence is insufficient to sustain the award. We do not agree. Petitioner objects to one of six reports and states that this report is the only one that fixes the termination of total temporary disability as October 1, 1958. While this may be technically true there is sufficient expert evidence in the reports to show that as late as the last of September, 1958, claimant was temporarily disabled. Any error in fixing October 1, 1958, would inure to the benefit of petitioner. Petitioner did not seek to contest any report of any medical expert except to object to the general jurisdiction of the State Industrial Court. The total temporary disability is nowhere denied otherwise in this proceeding. This argument is without serious merit. The award is supported by competent medical expert evidence.

Proposition three is a reiteration of failure to find prejudice to petitioner by reason of lack of notice and has been heretofore discussed.

■ Petitioner also argues there was error in releasing the Aetna Casualty and Surety Company. Petitioner does not claim Liberty Mutual Insurance Company, carrier for the Oklahoma operations, is liable. The contract of insurance issued by Aetna Casualty and Surety Company was introduced in evidence. It provided specifically that the liability of insurance was limited to operations under the Kansas Workmen's Compensation Law. We are of the opinion and hold the State Industrial Court reached the correct conclusion in holding that the Aetna Casualty and Surety Company was not liable.

■ In the remaining proposition of petitioner it is argued that the State Industrial Court erred in not computing the amount paid on the award; that the court erred in its order as to attorney fees and its order as to the payment of medical expenses. The State Industrial Court stated that the award was less any payments made but did not determine what payments had been made under the Workmen's Compensation Law of Kansas. At one time counsel for claimant stated all payments had been made by Aetna Casualty and Surety Company under the provisions of the Workmen's Compensation Law of Kansas. The State Industrial Court made no finding in this respect. It was also stated $2,500 had been paid as medical expenses under the Workmen's Compensation Law of Kansas. No finding was made in this respect. No medical claims were introduced and approved. The order as to payment of medical expenses cannot stand. The reference to attorney fees is obscure and indefinite. Petitioner asserts it is an order to petitioner to pay the attorney fees in the amount of $301 regardless of the amount paid by Aetna Casualty and Surety Company, while claimant argues that it is only a method of determining the amount of attorney fees due by claimant to his attorney. A similar situation was discussed in James v. M. P. Thomas & Co. et al., 189 Okl. 52, 113 P.2d 386, wherein it is stated that an award so indefinite that the parties disagree as to its proper interpretation will be vacated.

■ In Corzine v. Traders Compress et al., 196 Okl. 259, 164 P.2d 625, it is stated:

"Where the findings of fact and conclusions of law of the State Industrial Commission are too indefinite and uncertain for judicial interpretation, this court, on appeal, will vacate the order for further proceedings."

See also, Morgan v. Cunningham et al., Okl., 288 P.2d 410.

■ The State Industrial Court was not authorized to charge the attorney fees to petitioner. Petitioner is entitled to credit for any payment made under the Workmen's Compensation Law of Kansas either by it or its insurance carrier.

The award insofar as it grants claimant $1,505 or 43 weeks at $35 per week is sustained. The award insofar as it determines the question of attorney fees, the allowance of credits as therein stated and medical expenses is vacated with directions to proceed in accordance with the views herein expressed.

. DAVISON, C. J., and HALLEY, JOHNSON and JACKSON, JJ., concur.

WELCH, BLACKBIRD, IRWIN and BERRY, JJ., dissent.