NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2542-15T2

VINCENT INNARELLA,

 Plaintiff-Appellant,

v.

WEDGEWOOD CONDOMINIUM
ASSOCIATION, INC., WEDGEWOOD
GARDEN CONDO ASSOCIATION,
INC., PROGRESSIVE BUILDING
MANAGEMENT COMPANY, INC.,
GARDEN HOMES, INC., THE
PROGRESSIVE COMPANIES, and
LAKEVIEW GARDENS,

 Defendants-Respondents.
_______________________________

 Submitted April 3, 2017 – Decided June 14, 2017

 Before Judges Haas and Currier.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Docket No.
 L-2201-13.

 Gill & Chamas LLC, attorneys for appellant
 (Paul K. Caliendo, of counsel and on the
 briefs).

 Hannum Feretic Prendergast & Merlino LLC,
 attorneys for respondents (Michael J. White,
 on the brief).

PER CURIAM
 Plaintiff Vincent Innarella appeals from the November 6, 2015

grant of summary judgment to defendants, Wedgewood Condominium

Association, Inc., Wedgewood Garden Condo Association, Inc.,

Progressive Building Management Company, Inc., and The Progressive

Companies (defendants). After reviewing the record in light of

the contentions advanced on appeal and the applicable principles

of law, we affirm.

 This case arises out of a personal injury action in which

plaintiff alleges that he tripped and fell on a broken step while

walking down an exterior staircase at the Wedgewood Gardens

(Wedgewood) condominium complex.

 At the time of the accident, plaintiff was employed as a

superintendent for the Wedgewood Gardens Condominium Association,

Inc. (Association), which owned the Wedgewood property. Pursuant

to a written superintendent agreement plaintiff had signed in

2007, he was considered an employee of the Association. The

agreement provided that "[a]ll assignments of work related duties

will be through [the property management company]," and that

plaintiff could not "delegate, subcontract or transfer any part

of [his] job . . . without the authorization of the Property

Manager."

 In 2010, Progressive Building Management Company, Inc.

(Progressive) became the property manager for Wedgewood pursuant

 2 A-2542-15T2
to a management agreement. Peter Johnson was the Progressive

representative for Wedgewood. Plaintiff testified during his

deposition that he received his assignments directly from Johnson.

When Johnson was on the property, he would ask plaintiff to do

tasks such as picking up branches and emptying the garbage.

Plaintiff picked up his paycheck at the Progressive offices; the

payee on the check was Wedgewood Gardens Condominium Association

c/o Progressive Companies.

 In September 2011, Johnson recommended to the Board of

Directors of the Association (Board) that plaintiff should be

terminated for his inappropriate behavior to a resident in addition

to other infractions. The Board agreed and voted for plaintiff

to be discharged. Johnson met with plaintiff at Progressive's

offices to advise him of the Board's decision and his termination.

 As a result of the injuries sustained in his fall, plaintiff

filed a workers' compensation action against Wedgewood and

received benefits. He subsequently instituted a civil action

against defendants, seeking compensation for his injuries. After

the completion of discovery, defendants filed motions for summary

judgment; plaintiff filed a cross-motion for summary judgment.

 Defendants argued that plaintiff held the relationship of a

special employee with their entities, and therefore his third

party claim was barred under the workers' compensation statute,

 3 A-2542-15T2
N.J.S.A. 34: 15-1 to -69.3. Plaintiff disagreed, contending that

the facts presented did not support a special employee

relationship. In an oral decision issued from the bench on

November 6, 2015, the judge referred to Walrond v. County of

Somerset, 382 N.J. Super. 227 (App. Div. 2006) and found that

there was an implied contract between Progressive and plaintiff.

He concluded that Progressive had the right to control and did

control plaintiff's job duties of the inspection, repair and

maintenance of the property. The court was satisfied that there

was sufficient evidence presented to find that a special employment

relationship existed, and summary judgment was granted to

defendants. Plaintiff's motion for reconsideration was denied on

January 22, 2016.

 We review a trial court's grant of summary judgment de novo,

Trinity Church v. Lawson-Bell, 394 N.J. Super. 159, 166 (App. Div.

2007), using the same standard as the trial court. Rowe v. Mazel

Thirty, LLC, 209 N.J. 35, 41 (2012). We consider whether there

are any material factual disputes and, if not, whether the facts

viewed in the light most favorable to the non-moving party would

permit a decision in that party's favor on the underlying issue.

See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540

(1995). Summary judgment must be granted if "the pleadings,

depositions, answers to interrogatories and admissions on file,

 4 A-2542-15T2
together with affidavits, if any, show that there is no genuine

issue as to any material fact challenged and that the moving party

is entitled to a judgment or order as a matter of law." R. 4:46-

2. A "non-moving party cannot defeat a motion for summary judgment

merely by pointing to any fact in dispute." Brill, supra, 142

N.J. at 529.

 The Workers' Compensation Act provides an employee with an

"exclusive remedy" against the employer for injuries "arising out

of and in the course of the employment." Gore v. Hepworth, 316

N.J. Super. 234, 240 (App. Div. 1998); N.J.S.A. 34:15-1, -7, -8.

In exchange for receiving workers' compensation benefits, the

employee surrenders common law tort remedies against his or her

employer and co-employees, except for intentional wrongs.

N.J.S.A. 34:15-8.

 However, in a situation where an employee of one entity is

borrowed by another employer, that employee may prevail in a common

law action against the borrowing employer depending on whether the

employer is determined to be a "special employer." Blessing v.

T. Shriver and Co., 94 N.J. Super. 426, 430 (App. Div. 1967). If

the borrowing employer is determined to be a special employer,

then the borrowed employee is precluded from bringing an action

against the special employer. Ibid. A special employment

relationship exists where "(a) [t]he employee has made a contract

 5 A-2542-15T2
of hire, express or implied, with the special employer; (b) [t]he

work being done is essentially that of the special employer; and

(c) [t]he special employer has the right to control the details

of the work." Volb v. Gen. Elec. Capital Corp., 139 N.J. 110, 116

(1995).

 Courts also utilize two additional factors in determining

special employment: "whether the special employer [d] pays the

lent employee's wages, and [e] has the power to hire, discharge

or recall the employee." Blessing, supra, 94 N.J. Super. at 430.

No one factor is dispositive; all five are weighed to evaluate a

special employment relationship. Walrond, supra, 382 N.J. Super.

at 236 (citations omitted). Additionally, "not all five [factors]

must be satisfied in order for a special employment relationship

to exist." Ibid. However, "it is believed that the most

significant factor is the third: whether the special employer had

the right to control the special employee." Ibid. (citing Volb,

supra, 139 N.J. at 116); see also, e.g., Mahoney v. Nitroform Co.,

20 N.J. 499, 506 (1956) (stating that the right to control is an

"essential" element of the employment relationship); Gore, supra,

316 N.J. Super. at 241; Santos v. Std. Havens, Inc., 225 N.J.

Super. 16, 22 (App. Div. 1988) (recognizing the significance of

an employer's "right to exercise a higher degree of authority"

over any actual discretion exercised by an employee).

 6 A-2542-15T2
 On appeal, plaintiff contends that the trial judge erred in

finding a special employment relationship. Specifically,

plaintiff contends that he did not have an implied contract with

Progressive, the work he performed at Wedgewood was not the same

character as the business of Progressive, and Progressive did not

have the right to control the details of his work. He also

asserts, without specificity, that summary judgment was

inappropriate because material issues of fact existed as to whether

plaintiff was a special employee of Progressive.

 In turning to a consideration of the factors expressed in

Volb, we begin with a determination of whether there was an implied

contract between plaintiff and Progressive. An employment

contract "may be express or implied." White v. Atlantic City

Press, 64 N.J. 128, 133 (1973). A contract for hire does "not

require formality." Gomez v. Federal Stevedoring Co., Inc., 5

N.J. Super. 100, 103 (App. Div. 1949). While agreement to the

offer of employment "must be manifested in order to be legally

effective, it need not be expressed in words." Ibid. The assent

can be "implied from conduct without words." Ibid. In determining

whether an implied contract exists in the context of a special

employment relationship, our focus is on the relationship between

plaintiff and each of his potential employers. Pacenti v. Hoffman-

La Roche, Inc., 245 N.J. Super. 188, 193 (App. Div. 1991).

 7 A-2542-15T2
 Here, although plaintiff's employment contract stated he was

an employee of Wedgewood, it further advised that all of his work

assignments would be through the management company. If plaintiff

was going to be away from the property for an extended period, he

had to advise the management company.

 After Progressive became the property manager, plaintiff

received assignments from Johnson in addition to his everyday

duties at the complex. Johnson was the conduit between an owner

who needed something done in his unit and plaintiff. Plaintiff

not only picked up his paycheck at Progressive's offices, it was

there that Johnson terminated his employment. The judge's finding

that there was an implied contract between plaintiff and

Progressive is supported by the evidence in the record.

 Plaintiff asserts that his job duties were not of the same

character of the work of Progressive, and therefore, the second

factor in Volb cannot be met. We find this argument to be without

merit.

 Under its contract with Wedgewood, Progressive was required

to "manage, operate and maintain the Property in an efficient and

satisfactory manner in accordance with standard management

practices." In doing so, Progressive could "employ adequate

personnel to exclusively perform services at the Property,

including but not limited to janitorial, security and maintenance

 8 A-2542-15T2
functions." The general repairs and maintenance of the property

fell under the scope of Progressive's duties as property manager.

Plaintiff described his job duties as superintendent to include

the inspection, maintenance and cleaning of the property as well

as remedying and repairing any complaints in residents' units

communicated to him by Johnson. Plaintiff was described by Johnson

as the "eyes and ears" of Progressive at the property. Plaintiff's

role, in performing the repairs and maintenance of the property,

served to complete and satisfy a large component of Progressive's

duties to the Association.

 The third factor of the special employment test, described

as "the most significant factor," is whether the special employer

had the right to control the special employee. Walrond, supra,

382 N.J. Super. at 236. "[I]t is well-settled that '[u]nder the

control test, the actual exercise of control is not as

determinative as the right of control itself.'" Santos, supra,

225 N.J. Super. at 22 (citing Mahoney, supra, 20 N.J. at 506).

 Johnson, along with several Board members, testified that

Johnson was plaintiff's supervisor who provided his work

assignments. All work requested by any homeowner was conveyed to

plaintiff by Johnson; plaintiff had been instructed not to have

any direct contact with the residents. In addition, plaintiff

testified that when Johnson came to the property he would instruct

 9 A-2542-15T2
plaintiff to do various tasks with which he would comply. The

Board members considered Johnson to be plaintiff's supervisor.

One member recalled a meeting in which the Board directed plaintiff

that he was to follow all instructions given to him from Johnson.

We are satisfied there was sufficient evidence presented to support

the trial judge's finding that Progressive had the right to and

did control plaintiff.

 For completeness, we briefly comment on the additional

special factors that plaintiff has asserted were not met. It is

true that plaintiff was not on Progressive's payroll. We, however,

give little weight to this factor and have stated that "it is not

necessary . . . [to determine if] a special relationship exists."

Kelly v. Geriatric and Med. Serv., 287 N.J. Super. 567, 577 (App.

Div. 1996). We disagree, however, with plaintiff's argument that

Progressive did not have the power to hire or fire him. After

multiple instances of inappropriate behavior for which plaintiff

received letters of reprimand from Johnson, a recommendation was

made by Johnson to the Board that plaintiff should be terminated.

In a "joint decision," the Board agreed with Johnson and plaintiff

was discharged.

 In analyzing the special employment relationship through a

consideration of a totality of the Volb factors with particular

scrutiny given to the right to control, we are satisfied that the

 10 A-2542-15T2
trial judge properly weighed the relevant factors and determined

that plaintiff was a special employee of Progressive. Therefore,

plaintiff was barred under the workers' compensation statute from

bringing a third-party claim against Progressive, and the grant

of summary judgment to defendants was supported by the credible

evidence presented to the trial court.

 Affirmed.

 11 A-2542-15T2