STRAHM v. BOARD OF TRUSTEES OF THE BENEVOLENT & PROTECTIVE ORDER, etc.

No. 34127. Nov. 21, 1950.

Rehearing Denied Dec. 12, 1950.

*225 P. 2d 159.*

John M. Wheeler, Max G. Cohen, John Wheeler, Jr., and Robt. L. Wheeler, all of Tulsa, for plaintiff in error.

Chas R. Bostick and M. C. Spradling, both of Tulsa, for defendant in error.

GIBSON, J. This is an action for the unlawful detainer of real property commenced in the justice court for district No. 4, Tulsa county, by defendant in error against plaintiff in error. Upon trial, there was judgment for defendant from which plaintiff appealed to the court of common pleas wherein, upon trial, the court sustained a demurrer to defendant's evidence and rendered judgment for plaintiff, and defendant appeals.

Error is assigned upon the action of the court in excluding testimony offered by defendant and in sustaining a demurrer to defendant's evidence.

The property involved is a vacant lot in the city of Tulsa owned by plaintiff and adjoins a lot owned by defendant. Since the year 1937 defendant, as tenant of plaintiff, had occupied the lot and used same together with his own lot as an auto parking lot and also operated thereon a restaurant. The defendant had held the premises under leases in writing for successive terms of five years each. The last lease expired by its terms on August 1, 1948. On August 2, 1948, there was served upon defendant a notice to quit and demand for possession as required by statute (39 O.S. 1941 §395), and thereafter, on August 6, 1948, this action was instituted.

The fact of the lease and its termination and that of the service of said notice when put in evidence constituted plaintiff's case and prima facie entitled it to judgment for the possession.

Defendant, undertaking to defend upon ground of promissory estoppel, introduced testimony to prove an oral promise of plaintiff to lease the premises to defendant for a further term of five years. And in the course of the trial offered to prove that in reliance thereon he had taken action detrimental to his interest. The offer was denied and thereafter the court sustained the demurrer to defendant's evidence.

It is contended that the evidence introduced was sufficient to establish an oral promise to lease and therefore the court in excluding said offer and in sustaining the demurrer committed error. It is further contended that the evidence, if insufficient to establish an oral promise, was sufficient to establish a tenancy at will which had not been terminated and for that reason the court erred in sustaining the demurrer and rendering judgment for plaintiff.

The main question is whether there was sufficient evidence of a promise to require submission of the issue to the jury. If sufficient it is determinative of the appeal. If not, there remains the further question whether a tenancy at will obtained.

The governing law is clearly stated in paragraph 1 of the editorial syllabus in Lacy v. Wozencraft, 188 Okla. 19, 105 P. 2d 781, as follows:

" 'Promissory estoppel' is based on the same equitable principles as is 'estoppel by silence', and, in either case, the one who is estopped has in effect stood by and, in violation of his duty in equity and good conscience to warn another of the real facts, has permitted the other to take some action detrimental to that other's interest, but in case of 'promissory estoppel' a promise is made with the intention that it be acted on by the promisee, and in the case of 'estoppel by silence' a person has been silent on some occasion when he should have spoken."

The substance of defendant's evidence is to the following effect: Beginning in June, 1948, there occurred discussions between defendant and members of the plaintiff Board, acting individually, concerning the leasing of the premises. And on July 14, 1948, defendant appeared before the Board where the matter was discussed. Defendant had been paying the sum of $260 per month as rental. The Board advised defendant that they were trying to get sealed bids in order to realize the highest possible rental, and that course was pursued, resulting in a lease to another at $417 per month. There is no evidence of, and it is not contended, that plaintiff gave an express promise to lease the premises to the defendant. It is contended that the evidence is sufficient to reflect a promise by the plaintiff to give to defendant the refusal of a lease on the basis of the highest bid received, and that plaintiff failed to notify defendant of such bid before leasing the property to that bidder. We deem it unnecessary to weigh the evidence pertinent to the contention since we consider such a promise is in contemplation of law nothing more than an offer. The applicable law is thus stated in Pollock on Contract (8th Ed.) p. 2:

"The declaration of any party to an agreement, so far as relates to anything to be done or forborne on his part, is called a promise. The expression of a person's willingness to become, according to the terms expressed, a party to an agreement, is called an offer or proposal.

"An offer may become a promise by acceptance, but is not a promise unless and until it is accepted."

If, in the instant case, there were evidence of a definite offer by plaintiff to lease the property to defendant on the basis of the highest rental bid, which offer was unconditionally accepted by defendant, or if defendant had made a definite offer to pay to plaintiff the highest rental bid for a lease on the premises, which offer was by the plaintiff unconditionally accepted, in either case, there would obtain

on the part of the plaintiff a promise within purview of the law of promissory estoppel, otherwise not. In the instant case neither situation obtained. The evidence fails to disclose a definite commitment by either. There being no competent evidence of a promise, there was no issue for the jury upon the question of promissory estoppel and the court committed no error in excluding the proffered evidence.

The existence of a tenancy at will could obtain herein only in event the defendant continued to occupy the premises after the term of the lease and with the consent of the plaintiff. The notice to quit and demand for possession and the action taken preclude the fact of a tenancy at will.

There being no evidence upon which to predicate promissory estoppel or a tenancy at will, the court committed no error in sustaining the demurrer to defendant's evidence and awarding plaintiff judgment for the possession.

Judgment affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, CORN, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.