**Ruth D. ARMSTRONG, Administratrix of the Estate of Robert Lee Armstrong, Jr., Deceased, Petitioner,**

v.

**GUY H. JAMES CONSTRUCTION COMPANY, and J. H. Beckman Construction Co., Joint Venturers, and the State Industrial Court of the State of Oklahoma, Respondents,**

**The American Motorists Insurance Company, Insurance Carrier.**

No. 40807.

Supreme Court of Oklahoma.
April 27, 1965.

Marx Childers, Carl Bagwell, Oklahoma City, for petitioner.

Melvin F. Pierce, Pierce, Mock, Duncan, Couch & Hendrickson, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

JACKSON, Vice Chief Justice.

This is an original proceeding by claimant, Ruth D. Armstrong, administratrix of the estate of Robert Lee Armstrong, Jr., deceased, to review an order of the State Industrial Court denying her an award under the death benefit provisions of the Workmen's Compensation Act as against a joint venture composed of Guy H. James Construction Company and J. H. Beckman Construction Company, and its insurance carrier.

Armstrong and his friend, Richard Able, were college students working during their summer vacation on the Wilson Dam project in Russell County, Kansas, when Armstrong was killed by a bolt of lightning. The claim for compensation recited that Armstrong was hired in Oklahoma but killed in Kansas. See 85 O.S.1961, § 4.

Employer and insurance carrier, hereinafter referred to as respondents, denied that any contract of employment was entered into between the joint venturers and the deceased in Oklahoma, and argued that the Oklahoma Industrial Court was therefore without jurisdiction. This argument was sustained and the claim was denied.

On appeal to this court, claimant argues generally that the contract of employment was made in this state. In this connection, see Scotty's Flying and Dusting Service et al. v. Neeser et al., Okl., 393 P. 2d 842, wherein this court held:

"Whether a contract is made in a foreign state or in Oklahoma is a question of law and fact to be determined from all the facts and circumstances."

Substantially all of the testimony in the record on the question of how and where the contract of employment was made was given by Richard Able and Robert Able, his brother, who was an Oklahoma City bookkeeper for Guy James Construction Company. The brothers both testified for claimant and there is little conflict in their testimony. They testified that Armstrong and Richard Able were looking for a summer job and Robert Able told them to "come up to the office and talk to us and we would see if there was any work available". Robert Able then testified as follows:

"A. Well, the boys came in and I introduced them to Mr. Stoneking, my boss, and they talked; said they wanted to find a summer job and Mr. Stoneking said he would check with the joint venture in Kansas and see if there was any work available and let them know.

"Q. Now, what resulted from that?

"A. Well, we sent a note up to the job and I believe before we received an answer from the note, we were talking with the job in the course of business, and told them that we had a couple of boys here in town that needed a job and if they had an opening to let us know.

"Q. And what did they tell you?

"A. Well, at that particular time there was no opening. I believe it was less than a week later the superintendent called and said that he had room for them, to send them up."

On cross-examination, Robert Able said that neither he nor Mr. Stoneking had authority to hire anyone for the joint venture in Kansas and that "it was a favor to the boys" to see if they could find work for them. He said Mr. Stoneking had authority to hire employees for the Guy James Construction Company, but not for the James-Beckham joint venture in Kansas.

With regard to contracts generally, it is said that every contract results from an offer and the acceptance thereof. 17 C.J.S. Contracts § 34; Martin v. Fretwell, 202 Okl. 204, 211 P.2d 529. An offer becomes a binding promise and results in a contract only when it is accepted, 17 Am. Jur.2d Contracts, Sec. 41; Strahm v. Board of Trustees, etc., 203 Okl. 635, 225 P.2d 159. Ordinarily, to constitute acceptance of an offer, there must be an expression of the intention, by word, sign, writing or act, *communicated or delivered to the person making the offer or his agent.* 17 Am.Jur. 2d Contracts, Sec. 44. One of the essentials of the existence of a contract is the consent of parties capable of contracting, 15 O.S. 1961, § 2, and the consent must be communicated by each to the other, 15 O.S. 1961, § 51.

It is argued by claimant that the conduct of Robert Armstrong Jr. and Richard Able in going immediately to the job site in Kansas, prepared to work, constituted an acceptance of the offer made by the job superintendent when he called the Oklahoma City office of the Guy James Construction Company and said he had work for the two boys. This is of course true, because they did go to Kansas and enter upon their employment. However, the controlling question here is not *whether* they accepted the offer, but *where* they accepted it. It is agreed that a contract is deemed to have been made at the place where final assent is given. Groendyke Transport, Inc., v. Gardner, Okl., 353 P.2d 695, 697; General Electric Co. v. Folsom, Okl., 332 P.2d 950, 952. We find no evidence in the record before us that any final assent was *given* by the boys, or communicated, to anyone until they presented themselves to the job superintendent at the job site in Kansas. Assuming without deciding that the employees in the Oklahoma City office of Guy James Construction Company had authority to receive notice of acceptance of the offer on behalf of the James-Beckham joint venture, we find no evidence that the boys communicated the

fact of their acceptance to any employee of Guy James Construction Company before they left Oklahoma.

The cases cited by claimant in support of her argument that the contract was made in Oklahoma are all distinguishable on the facts. In General Electric Co. v. Folsom, Okl., 332 P.2d 950, the employer, General Electric, mailed an offer to Folsom in Norman, Oklahoma, and Folsom thereafter accepted the offer by a letter mailed in the same city. Under such circumstances it is well settled that the acceptance is communicated and the contract is complete from the moment the letter is mailed. 17 C.J.S. Contracts, § 52b. No offer and acceptance by mail are involved in this case.

Claimant cites language from Gomez v. Federal Stevedoring Co., Inc., 5 N.J.Super. 100, 68 A.2d 482, and quoted with approval by this court in Foster Wheeler Corporation v. Bennett, Okl., 354 P.2d 764, 767. In the New Jersey case the employer had made a union local in New Jersey its agent for the purpose of offering employment in New York. The claimant received the offer in New Jersey from the union local. He then proceeded *with Fernandez,* the "hatch boss" for the union local, from Newark, New Jersey to the job site in New York. The court in effect held that the conduct of Gomez in going from Newark to New York, with the knowledge of the union representative, amounted to a communication of the acceptance to the employer's agent. As we have heretofore noted, in the case now before us there is no evidence that the two boys in Oklahoma, either by word or act, communicated their intention to go to Kansas to work to the employer or its agent.

Claimant also cites Williams Brothers Co. v. Wiley, Okl., 337 P.2d 1078. In that case, the employer maintained an office in Tulsa; the record shows that Mr. Siebold, the employer's representative in the Tulsa office, offered employment in Ohio to the claimant, Wiley, and that Wiley told Siebold that "it was agreeable with him and that he would go there and work", which

he did shortly thereafter. There is no comparable evidence in the case now before us.

We hold that there is competent evidence to support the finding of the State Industrial Court that the employment contract in this case was not made in Oklahoma. Since claimant's decedent was admittedly killed in Kansas, the order denying the claim for want of jurisdiction was correct.

The order of the State Industrial Court is affirmed.

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.