**PEASE BROTHERS, INC., a Utah corporation, Appellant,**

v.

**Jo D. EVANS, Appellee.**

**No. 8845.**

United States Court of Appeals Tenth Circuit.

Aug. 30, 1967.

Rehearing Denied Oct. 18, 1967.

C. Keith Rooker, Salt Lake City, Utah (Clifford L. Ashton and Ray G. Martineau, Salt Lake City, Utah, on the brief), for appellant.

Richard C. Dibblee, of Rawlings, Wallace, Roberts & Black, Salt Lake City, Utah (C. W. Schwoerke, of Schwoerke & Schwoerke, Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

This action was brought in the United States District Court for the District of Utah by appellee Jo D. Evans, to recover on a Workmen's Compensation award made by the State Industrial Court of Oklahoma. The trial court upheld the validity of the award and entered judgment against the appellant Pease Brothers, Inc., a Utah corporation, for the full amount thereof. This appeal presents only the question of the jurisdiction of the Oklahoma court to make the award and may be disposed of by determination of the situs of an employment contract.

The record in the Oklahoma Industrial Court discloses that in October, 1961,

Steve Donovan Bush, son of the appellee, was living in Shawnee, Oklahoma, and was desirous of obtaining employment with Pease Brothers, Inc., then engaged in the construction of a pipeline in the area of eastern Utah, northwestern Colorado, and southwestern Wyoming. Pease Brothers had Workmen's Compensation coverage in these three states, but not in Oklahoma. Maurine Roberts, former wife of Ray Pease, president of Pease Brothers, lived in Shawnee with her daughter. Bush contemplated marriage with the daughter, who prevailed upon her mother to make inquiry concerning possible employment of Bush by the corporation. After failing to reach her son Bobby Pease, who was employed by the corporation, Mrs. Roberts, in a telephone call from Shawnee to Vernal, Utah, discussed the matter with Bobby's wife, who in turn notified Bobby, who was in Colorado, of the request for employment for Bush. Bobby then inquired of his foreman if he would be interested in hiring Bush, and the foreman replied: "Fine, tell him to come on up." Bobby then imparted this statement by telephone to his wife in Vernal. Thereupon the wife notified Mrs. Roberts in Shawnee, who in turn conveyed the message to Bush. The record is silent as to Bush's response. In any event, Bush immediately proceeded to Colorado and began working for Pease Brothers on or about October 29, 1961. He worked as a laborer on several projects until September 13, 1962, when he was accidentally killed in the course of his employment in Wyoming.

■ Pease Brothers was not qualified to do business in Oklahoma, had never done any work there, and had no agents, representatives or other contacts in that state. Mrs. Evans contends that the record supports the trial court's finding that the contract of employment was made in Oklahoma,[1] and that the rule of Alaska Packers Ass'n v. Commission,

294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044, is controlling. That case, however, is of little assistance because the employer there was a California corporation doing business in California, and it employed the injured workman by written contract in California to perform work in Alaska. Except for agreed advances, he was to be paid in San Francisco upon his return. The case establishes only that the injured employee may take advantage of the Workmen's Compensation law in the state where the contract of employment was made, even though injured in another state. This is the law of Oklahoma. 85 O.S.A.Supp. § 4 (1955); Foster Wheeler Corp. v. Bennett, Okl., 354 P.2d 764; Williams Bros. Co. v. Wiley, Okl., 337 P.2d 1078.

■■ Every contract results from an offer and acceptance, and an offer becomes binding and results in a contract only when it is accepted. "The general rule in Oklahoma is that a contract is deemed to have been made at the place where the final assent is given." Sims v. United Bridge and Iron, Okl., 402 P.2d 911, 913. In that case Sims had made application for employment by United Bridge and Iron at its principal place of business in Tulsa, Oklahoma. He later called by telephone from Louisiana and was told to report on a job at Mathis, Texas, where he would be employed as a welder at a stated hourly wage. Sims reported for work at Mathis and was later injured. The court held that the offer of employment was made by the corporation and that it did not become a contract until the offer was accepted by Sims' reporting for work at Mathis.

In Armstrong v. Guy H. James Constr. Co., Okl., 402 P.2d 275, Armstrong sought employment through the company office in Oklahoma City, Oklahoma. A short time later a company employee in that office received word that Armstrong would be employed on a job in Kansas and for him to report there. Armstrong,

---

1. The trial court found: "That decedent was a resident of Shawnee, Oklahoma, and pursuant to a telephone call to his residence by an employee of the defendant, the said deceased was employed within the State of Oklahoma to work for the defendant in the State of Utah."

with a companion, immediately went to the job site in Kansas and went to work. He was later killed on the job. In holding that the contract of employment was consummated in Kansas, the Oklahoma Supreme Court said:

"It is argued by claimant that the conduct of Robert Armstrong, Jr. and Richard Able in going immediately to the job site in Kansas, prepared to work, constituted an acceptance of the offer made by the job superintendent when he called the Oklahoma City office of the Guy James Construction Company and said he had work for the two boys. This is of course true, because they did go to Kansas and entered upon their employment. However, the controlling question here is not *whether* they accepted the offer, but *where* they accepted it. It is agreed that a contract is deemed to have been made at the place where final assent is given. Groendyke Transport, Inc. v. Gardner, Okl., 353 P.2d 695, 697; General Electric Co. v. Folson, Okl., 332 P.2d 950, 952. We find no evidence in the record before us that any final assent was *given* by the boys, or communicated, to anyone until they presented themselves to the job superintendent at the job site in Kansas. Assuming without deciding that the employees in the Oklahoma City Office of the Guy James Construction Company had authority to receive notice of acceptance of the offer on behalf of the James-Beckham joint venture, we find no evidence that the boys communicated the fact of their acceptance to any employee of Guy James Construction Company before they left Oklahoma."

In each of these cases the employer maintained offices in Oklahoma and had representatives there. In the case at bar no contention is made that there was a representative of Pease Brothers in Oklahoma with authority to enter into employment contracts, and there was no evidence before the Oklahoma Industrial Court or the trial court that any representations were made to Bush concerning employment except that he would be hired in some capacity if he reported on the job in Colorado. This was a company offer of employment. Under Oklahoma decisions, the contract was not consummated until Bush reported on the job in Colorado and accepted employment. The Oklahoma Industrial Court therefore was without jurisdiction to make an award.

The judgment is reversed, and the case is remanded with instructions to dismiss the action.