**HARTFORD INSURANCE GROUP,**
Petitioner,

v.

**D. L. McDANIEL et al., Respondents.**

**A & M ELECTRIC SERVICE, INC., and**
State Insurance Fund, Petitioners,

v.

**D. L. McDANIEL and the State Industrial**
Court, Respondents.

Nos. 46813 and 48815.

Supreme Court of Oklahoma.

Sept. 10, 1974.

Charles E. Payne and Sam Hill, Milton R. Moon, Oklahoma City, for petitioners.

R. A. Bell, Seminole, and Larry Derryberry, Atty. Gen., for respondents.

SIMMS, Justice:

This proceeding asks review and vacation of a trial judge's order, affirmed on en banc appeal, awarding claimant additional total temporary compensation and medical treatment for accidental injury during covered employment.

Compensation was sought for injury to claimant's neck and low back, resulting from an accidental injury incurred while claimant was employed as laborer-truck driver by A & M Electric Co. This employer, and both petitioning insurers, were named as respondents and will be so designated. Claimant's Form 3 alleged injury occurred in Arkansas, but that employment was in Oklahoma.

Although their interests essentially were the same, named insurers answered separately. Respondent State Fund answered admitting it was employer's carrier in Oklahoma. However, Fund denied State

Industrial Court jurisdiction contending claimant was injured in Arkansas and had not been hired in Oklahoma.

Respondent Hartford Insurance Company answered asserting it was not liable because the employer's insurance coverage was only for Arkansas, and the Oklahoma Industrial Court, therefore, lacked jurisdiction to adjudicate a claimt against Hartford.

At trial, both insurers admitted occurrence of an accidental injury during covered employment with respondent employer. The Fund admitted it was an insurer of employer in Oklahoma but denied jurisdiction of the court to adjudicate the claim. Hartford denied the court's jurisdiction because their coverage extended only to Arkansas.

Claimant sought an order determining his injuries which caused temporary disability were sustained on October 24, 1972, while he was working in Arkansas for employer but contended since he was employed in Oklahoma he was entitled to temporary total compensation and further medical treatment from the Oklahoma Industrial Court.

Claimant testified to facts relating to his employment and offered medical evidence showing continued total temporary disability. Respondent Hartford demurred to claimant's evidence and asked dismissal of the claim. The Fund's request that hearing be continued in order to procure deposition testimony concerning issue of claimant's hiring was granted. After this evidence was procured, the cause was submitted.

85 O.S.1971, § 4, provides that the Workmen's Compensation Act applies to provide coverage to all employees

"irrespective of where accident resulting in injury may occur, whether within or without the territorial limits of the State of Oklahoma, *when the contract of employment was entered into within the State of Oklahoma, and the said employee was acting in the course of such employment and performing work out-*

*side of the territorial limits of this State under direction of such employer."*

The trial court entered an order finding claimant was hired in Oklahoma, but injured during employment in Arkansas, where insurance coverage was provided and premiums collected by Respondent Hartford, and Respondent therefore was liable. Claimant has been paid temporary total compensation to December 5, 1972, but had been disabled continuously since injury and the trial court ordered respondent to pay additional temporary total compensation and furnish medical treatment. The order also dismissed the cause as against Respondent Fund. On appeal by respondents to the State Industrial Court en banc, the order of the trial court was affirmed.

Hartford perfected proceeding for review of this order against all parties involved. The employer and Fund, as insurer, initiated independent proceeding for review. Subsequently all respondents moved for consolidation of the proceedings, and by appropriate order this Court consolidated both cases for purposes of briefing and review.

The dispositive issue is whether the trial court erred as a matter of law in finding that claimant was hired in Oklahoma. Claimant seeks support of this award upon basis that State Industrial Court properly determined the existence of a contract of employment as a question of fact, and this determination is not to be disturbed on review. C. & H. Transportation Co. v. Berkley, Okl., 341 P.2d 249 (1959). Admittedly, this is a settled principle. There are other principles, however, which also are applicable to the question.

Whether a contract is made in Oklahoma or a foreign jurisdiction presents a question of law and fact which must be determined from all surrounding facts and circumstances. Scotty's Flying and Dusting Service v. Neeser, Okl., 393 P.2d 842 (1964); Armstrong v. Guy H. James Const. Co., Okl., 402 P.2d 275 (1965). An elementary principle requires

there be mutual assent as an essential element of any contract. Evidentiary facts must be considered in determining whether there has been a meeting of the minds that will support a contract. The place where the contract was made is the controlling issue in this case.

■ The evidence showed respondent employer was engaged in construction work in Arkansas, and had employed claimant's son-in-law as an apprentice lineman. Claimant testified his son-in-law returned home on a Friday night and advised claimant that claimant had been hired by respondent. Claimant left home the following Sunday night with his son-in-law and reported on the job Monday morning in Arkansas as a laborer, thereafter signing requisite employment papers. Admittedly, claimant did not discuss a job in Oklahoma with anyone with authority to hire and fire employees. His only contact in Oklahoma concerning the job was information imparted by his son-in-law. Claimant admitted no other person made an offer of employment in Oklahoma. The son-in-law had no supervisory or managerial authority.

Respondent's evidence was that common labor ordinarily was hired locally. The first time employer had knowledge concerning claimant was when he applied to the job superintendent in DeQueen, Arkansas for work as a laborer, and was given employment at the prevailing rate ($2.00 per hour) for common labor. Only the company president, Wilf; job superintendent, Hammons; and the foreman on the job were authorized to hire and fire workmen. All employment papers, i. e. witholding and income tax, were filled out and reported in Arkansas. The custom of employing new personnel was that even had the president advised the son-in-law that claimant would have a job, claimant could not have gone to work unless hired by the superintendent. Respondent paid claimant's expenses for moving from Foreman to Mena, Arkansas, after employment began, but paid none of claimant's travel expenses from Okmulgee, Oklahoma, when claimant accompanied his son-in-law to the job. Claimant's paychecks were mailed from the main office in Okmulgee. Claimant thus maintained his residence in Oklahoma, only temporarily residing in Arkansas.

There was no evidence claimant was offered employment by any person authorized to hire respondent's employees in Oklahoma. Neither is there any evidence showing final assent communicated to respondent prior to the time claimant presented himself on the job site in Arkansas. We are of the opinion this proceeding is controlled by our decisions in Armstrong v. Guy H. James Const. Co., supra, and Sims v. United Bridge and Iron, Okl., 402 P.2d 911 (1965). Whether claimant's contract of employment was made in Oklahoma or Arkansas presented a question of law and fact.

■ The evidence presented as outlined above did not establish an offer of employment, or final assent to a contract of employment in Oklahoma. The trial court erred in determining the facts established the contract of employment was made in Oklahoma. The State Industrial Court had no jurisdiction over this claim for compensation. Scotty's Flying & Dusting Service, Inc. v. Neeser, supra. Jurisdiction to hear and determine a claim is a pre-requisite to adjudication of a claim. Where State Industrial Court lacks jurisdiction, an award of compensation to a claimant cannot be sustained. Chapman v. Union Equity Co-Op. Exchange, Okl., 451 P.2d 3 (1969).

The cause is reversed and remanded to the State Industrial Court with Direction to Vacate the Award and Dismiss the claim for lack of jurisdiction.

All the Justices concur.