1414 PARTNERSHIP, An Oklahoma, Partnership, Appellee,

v.

H. Sprague TAVEAU, IV and Maria C. Taveau, Husband and Wife, Appellants.

No. 72635.

Court of Appeals of Oklahoma, Division 3.

Aug. 20, 1991.

Richard Cleverdon, Tulsa, for appellants.

J. Blake Dutcher, Jr., Lawton, for appellee.

## MEMORANDUM OPINION

JONES, Judge:

Summary judgment was entered in favor of the 1414 Partnership after the District Court found the uncontroverted facts established breach of contract by Appellants, H. Sprague Taveau and Maria C. Taveau. Appellants seek reversal claiming disputed facts exist and allege that Plaintiff's recovery was limited to the amount of liquidated damages stipulated in the contract. We affirm the District Court's determination of liability, but reverse on the issue of damages.

## FACTS

On June 25, 1985 Appellants, H. Sprague Taveau and Maria Taveau, signed a contract offering to purchase residential property in Lawton, Oklahoma, from Appellee, 1414 Partnership. The contract price was $150,000.00. Appellants paid $5,000.00 as earnest money, took possession of the property pursuant to the lease addendum to the contract, and begin paying monthly rentals. Appellants agreed to pay rent throught the closing date which was to be set on or before July 31, 1986, but paid only through February, 1986, when they vacated the property. Appellee sold the property to a third party on September 24, 1986, for $139,000.00, and then brought suit in District Court for breach of contract.

## ARGUMENT

Although Appellants allege four points of error in their Petition in Error, only three were briefed. The Court will therefore address the following three issues: (1) Whether there was a valid acceptance of the Appellants' offer to purchase the property; (2) Whether the signature of Appellee was sufficient to constitute a legally binding contract; and (3) Whether 15 O.S.Supp. 1985 § 215 operates to limit damages to the amount stipulated in the contract.

### I

To constitute acceptance of an offer, there must be an expression of the intention, by word, sign, writing or act, *communicated* or *delivered* to the person making the offer or his agent. *Armstrong v. Guy H. James Const. Co.*, 402 P.2d 275, 277 (Okl.1965). Appellants claim acceptance never transpired because they did not receive a copy of the contract after it was executed by the Appellees. There are two reasons why this argument is wrong:

1. Appellants occupied the residence pursuant to the terms of an addendum to the contract. Appellee properly argues the appellants received some of the benefits provided in the contract. Under the holding in *Burke Aviation Corp. v. Alton Jennings Co.*, 377 P.2d 578 (Okl. 1963) Appellants are estopped from denying the validity of the contract after accepting benefits offered in that contract. *Northrip v. Montgomery Ward & Co.*, 529 P.2d 489, 497 (Okl.1974); *Bohn v. Divine*, 544 P.2d 916, 920 (Okl.Ct.App.1975). The act of accepting benefits under the agreement also satisfies the definition of acceptance found in *Armstrong*.

2. The contract is clear on its face. The method of acceptance was actually contained in paragraph ten (10) of the contract. Execution by the buyer and seller rendered the contract valid and enforceable.

### II

Appellants have cited no authority for their proposition that an individual signing on behalf of a partnership should disclose his representative capacity. Further, the record does not support Appellants' argument that the contract failed to identify the partnership because the name of the partnership is clearly disclosed on the face of the written agreement. Therefore the requirements of 15 O.S.1981 § 28 are met.

Appellants urge the Court to adopt 16 O.S.1981 § 93 which applies to corporations and not to partnerships. We decline the

opportunity to adjust the law in this area. Appellants have shown no authority for their proposition on this point and it will not be entertained by the Court. The signature is valid.

## III

█ Upon execution of the contract, Appellants paid $5,000.00 in earnest money which is deemed to be liquidated damages under the terms of the contract. However, the District Court did not limit the award to liquidated damages, but based it primarily on the contract price of $150,000.00 less the actual sales price of $139,000.00. Appellant contends this is error under the authority of 15 O.S.Supp.1985 §§ 214, 215(A) and ·(B). Ordinarily, the prevailing party in an action for breach of contract may be awarded damages pursuant to 23 O.S.1981 § 28 which states that the award may be derived from the contract price less the sales price. In an action with facts strikingly similar to the case at bar, the Court in *Reid v. Auxier*, 690 P.2d 1057 (Okl.Ct.App.1984) relied on the 1981 version of 15 O.S. § 215 to hold the measure of damages for breach of an agreement for the purchase of an interest in real estate "is deemed to be the excess, if any, of the amount which would have been due to the seller under the contract over the value of the property to him". Id. at 1061. However, the Statute was amended in 1985 to exempt certain real estate contracts from its provisions by adding Subsection B:

> A provision in a real estate sales contract, providing for the payment of an amount which shall be presumed to be the amount of damages sustained by a breach of such contract, shall be held valid and not a penalty, when such amount does not exceed five percent (5%) of the purchase price. In the event such amount exceeds five percent (5%) of the purchase price, such provision shall be held invalid and a penalty unless the party seeking to uphold the provision establishes that such amount is reasonable. *If such provision is valid under this Subsection, the limitations of Section 28 of Title 23 of the Oklahoma Statutes do not apply.* (E.A.)

15 O.S. § 215(B), effective May 28, 1985. (Emphasis added.)

The *Reid* case dealt with 15 O.S.1981 § 215 which read:

> A stipulation as a condition in a contract proceeding for the payment of an amount which shall be presumed to be the amount of damage sustained by a breach of such contract, shall be held valid, when from the nature of the case it it would be impracticable or extremely difficult to fix the actual damage.

The previously quoted subsection B was added during the Legislative Session immediately following the adoption of *Reid* supra. *Reid* notes that if the market place finds it difficult to live with the interpretation of §§ 214 and 215 of Title 15, the solution is not judicial nullification but legislative modification. Evidently the Legislature heeded this evaluation by adding Subsection B in 1985 and now it is quite clear that the liquidated damage provision of § 215(B) is to be given effect in real estate sales contract actions.

Since the amount of stipulated damages is less than five percent (5%) of the purchase price, the provision for liquidated damages is valid and is removed from the authority of 23 O.S.1981 § 28. *Reid* is thereby no longer controlling with respect to application of the above new Subsection B statute as a measure of damages in a real estate contract.

We conclude. the Appellee's proper remedy under the specific facts in this case is the amount stipulated in the contract.

Summary judgment on liability is AFFIRMED and summary judgment setting damages is REVERSED and the matter is REMANDED for proceedings not inconsistent with this opinion.

HUNTER, C.J., and HANSEN, P.J., concur.