DALEO, INC., and State Insurance
Fund, Petitioners,

v.

Ricky EDMONDS, and the Workers'
Compensation Court,
Respondents.

No. 81344.

Supreme Court of Oklahoma.

Nov. 8, 1994.

Robert Highsaw, State Ins. Fund, Oklahoma City, for petitioners.

Richard A. Bell, Norman, for respondents.

LAVENDER, Vice Chief Justice.

The question we must decide is whether Petitioner was hired in Oklahoma so as to qualify for workers' compensation for an injury that occurred in California. We find that Oklahoma case law will not support such a conclusion.

## FACTS AND PROCEDURAL HISTORY

Petitioner (Edmonds) and a friend (Smith) went to an office in Chandler, Oklahoma seeking work. They were told there were no jobs available; however, the receptionist suggested [1] they call the California site to see if they were hiring. Smith, who had worked for the owner (Levesey) in California, spoke with Levesey and he confirmed there were jobs available. Levesey said that both Smith and Edmonds should come to California and contact him upon their arrival. During the phone conversation, there was no discussion concerning salary, hours or benefits. Neither Smith nor Edmonds were paid travel expenses for their move. When the two men arrived in California, they were given job applications and paperwork to fill out. At this time, they were told how much their wages would be and Levesey directed they get a haircut before coming to work. Subsequently, Edmonds was injured on the job while working in California.

At trial, the employer stipulated that Edmonds was an employee of Daleo, Inc., that the injury arose out of and in the course of employment and to the measure of benefits.[2] Both sides agreed the only question before the court was whether Edmonds had been hired in Oklahoma and thus, whether the court had jurisdiction to hear the case. "Jurisdiction to hear and determine a claim is a pre-requisite to adjudication of a claim. Where State Industrial Court lacks jurisdiction, an award of compensation to a claimant cannot be sustained." *Chapman v. Union Equity Cooperative Exchange*, 451 P.2d 3 (Okla.1969) (emphasis added).

The trial court determined that Edmonds was hired in Oklahoma and the three-judge panel affirmed. The court of appeals agreed

with this finding, citing *Foster Wheeler Corp. v. Bennett*, 354 P.2d 764 (Okla.1960). The court concluded that the employer's statement to Smith, that there was work in California and for both men to come out, constituted the offer and the men's actions, in traveling to California, evidenced their acceptance of employment in Oklahoma. However, *Foster* is distinguishable from these facts as will be discussed herein, and further, there is recent case law that more directly disposes of the issue before us.

## ANALYSIS

 "When the existence of the employer-employee relationship is an issue before the Workers' Compensation Court, a jurisdictional question is presented and the Supreme Court on review will not accept findings of the court as conclusive, but will weigh evidence contained in the record and independently evaluate law and facts to determine the existence or absence of the relationship." *Cherokee Lines, Inc. v. Bailey*, 859 P.2d 1106, 1108 (Okla.1993). An employee is "held to strict proof that he was an employee ..." in order to be covered by the provisions of the Act. *Id.* at 1109. "Generally, a contract is deemed to have been made where the final assent is given." *Id.* However, "[w]hether a contract is made in Oklahoma or a foreign jurisdiction presents a question of law and fact which must be determined from all surrounding facts and circumstances. An elementary principle requires there be mutual assent as an essential element of any contract. Evidentiary facts must be considered in determining whether there has been a meeting of the minds that will support a contract. The place where the contract was made is the controlling issue...." *Hartford*

---

1. Although not dispositive of the issue in this case, Petitioner's testimony is contradictory as to who actually placed the call to the employer in California. At one point Petitioner states that "they had us call out ..." and at a later time he states the secretary or receptionist, "she called David Levesey [the owner in California] right there ... and let us talk to him."

2. Transcript of Proceedings, November 19, 1992 at pp. 3–4. Petitioner asserts that this appeal should be dismissed under our holding in *Hermetics Switch, Inc. v. Sales*, 640 P.2d 963 (Okla.

1982) because it purportedly is not a final order in that the trial judge did not determine benefits. We do not agree. In point of fact, employer stipulated to the amount of benefits and the trial judge specifically noted that the amount was not at issue. Employee made no objection and agreed the only question presented was whether the court had jurisdiction to determine the matter. Certainly, the three-judge panel found there was no question as to the determination of benefits in that their final order and the order that this court will review, directs employer pay 18% interest on the accrued portion of the award.

*Ins. Group v. McDaniel,* 526 P.2d 941, 942 (Okl.1974).

Edmonds argues that under our holding in *Foster Wheeler Corp. v. Bennett,* 354 P.2d 764 (Okla.1960), his actions, in going immediately to California, constituted acceptance of the offer made by Levesey when his friend called from the Oklahoma City office and they were told there was work available. However, we find *Foster,* and the language cited approvingly therein from *Gomez v. Federal Stevedoring Co.,* 5 N.J.Super. 100, 68 A.2d 482 (A.D.1949) distinguishable from the present case. In both *Foster* and *Gomez,* a local union had made the arrangements for employment of their members with the contracting company and sent the employees to the job site. Indeed, in *Foster* the employee was paid from the time he reported to work that morning in Tulsa, Oklahoma until his arrival at the Kansas job site. We note at least four later cases, *Sims v. United Bridge and Iron,* 402 P.2d 911 (Okla.1965), *Armstrong v. Guy H. James Const. Co.,* 402 P.2d 275 (Okla.1965), *Hartford Ins. Group v. McDaniel,* 526 P.2d 941 (Okla.1974) and *Cherokee Lines, Inc. v. Bailey,* 859 P.2d 1106 (Okla.1993) that are more factually analogous, as well as dispositive of the issue presented.

In *Armstrong,* the employee was killed in an accident in Kansas. The question presented was whether he was hired in Oklahoma or Kansas. The employee went to an Oklahoma employer seeking summer employment. The employer did not have any openings, but talked with the superintendent of a joint venture in Kansas to see if there was work available. The superintendent said there was and for the employee to come to Kansas. We held there was no contract in Oklahoma. In our analysis, we noted that no evidence was presented of any final assent given by the employee to anyone until he presented himself to the job site in Kansas.

Likewise, in *Hartford,* we determined that an employee who was injured on the job in Arkansas was not entitled to Workers' Compensation benefits. In *Hartford,* the employee's son-in-law had told him that he had been hired for work. The employee's "only contact in Oklahoma concerning the job was information imparted by his son-in-law ... who had no supervisory or managerial authority." *Hartford,* 526 P.2d at 942. The employee was later injured while on the job in Arkansas. We stated that because there had been neither an offer of employment by any person authorized to hire, nor a final assent communicated by the employee, no contract had been entered into in Oklahoma. We find these cases determinative of the present case. It was Edmonds' friend Smith who spoke with Levesey in California and it was Smith who told Edmonds there was work for both of them. Edmonds never spoke with Levesey until he met him in California. No papers were signed or terms discussed until the two men arrived in California. Under these facts, we find that no contract was entered into in Oklahoma between Edmonds and Levesey nor, did Edmonds give his assent to employment until arriving in California.

## CONCLUSION

Because the employment contract was not entered into in the state of Oklahoma, the Oklahoma Workers' Compensation Court did not have jurisdiction over this claim. The opinion of the Court of Appeals is VACATED, the order of the Workers' Compensation Three–Judge Panel is REVERSED and this matter is REMANDED with directions to DISMISS the workers' claim for lack of jurisdiction.

HODGES, C.J., and SIMMS, HARGRAVE and WATT, JJ., concur.

OPALA and KAUGER, JJ., concur in part; dissent in part.

ALMA WILSON and SUMMERS, JJ., dissent.