**DRIVER MANAGEMENT, INC., Petitioner,**

v.

**Gerald MILLER and the Workers' Compensation Court, Respondents.**

No. 85912.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 14, 1995.

Rodney C. Ramsey, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Oklahoma City, for Petitioner.

John Sprowls, Pauls Valley, for Respondent.

## MEMORANDUM OPINION

JOPLIN, Judge:

Petitioner Driver Management, Inc. (Employer) seeks review of an order of a three-judge panel of the Workers' Compensation Court which affirmed the trial court's order granting benefits for temporary total disability (TTD) to Respondent Gerald Miller (Claimant). In this proceeding, Employer asserts error of the court in denying Employer's motion to dismiss for lack of jurisdiction, Claimant's injury having occurred in the State of Texas, the parties having entered into the employment contract other than in the State of Oklahoma, and the parties' employment contract expressly providing for submission of workers' compensation claims in the State of Nebraska.

Employer, with its home office in Omaha, Nebraska, sought truck drivers and to that end placed advertisements in various newspapers. Claimant, an experienced truck driver living in Paoli, Oklahoma, read one of Employer's advertisements and called Employer's toll-free phone number to obtain an application. Employer sent Claimant an application, which Claimant completed and returned to Employer. Upon receipt and processing of Claimant's application, Employer telephoned Claimant at his home in Paoli, and advised Claimant that his employment application had been approved. Employer directed Claimant to go to Employer's place of business in Dallas, Texas, to take a physical examination, a Department of Transportation written examination, a road test, and to attend an employment orientation class, upon completion of which, Employer would reimburse Claimant for his expenses.

Claimant went to Employer's place of business in Texas, took the required examinations, and attended the orientation class, where Claimant filled out yet another application and completed various forms, including one titled, "Consent to State of Nebraska Workers' Compensation." That document provided, *inter alia:*

... [T]hat all ... decisions to hire employees and contracts for hire are made only in Omaha, Nebraska and that an employer/employee relationship between prospective employee and [Employer] can be entered into only in Omaha, Nebraska;

... [T]hat, if [Employer] hires prospective employee, prospective employee will be a State of Nebraska based employee and all employees of [Employer], regardless of where employees claim resident, are subject to Nebraska's Workers Compensation Jurisdiction and Laws;

... [T]hat prospective employee hereby waives jurisdiction of any other state other than the State of Nebraska for Workers Compensation benefits and protection[, and] prospective employee consents to jurisdiction of the State of Nebraska for Workers Compensation coverage and benefits.

Claimant subsequently passed the required examinations, commenced his truck driving duties, and Employer reimbursed Claimant for his travel expenses to Dallas.

Some four months later, Claimant sustained an alleged employment-related injury in Texas. Claimant then commenced the instant action by filing of a Form 3 in the Oklahoma Workers' Compensation Court. Employer entered a special appearance and filed a motion to dismiss, asserting no juris-

diction of the Oklahoma Workers' Compensation Court. In support, Employer argued that the parties entered no employment contract in Oklahoma, that Claimant sustained injury in Texas, and that Claimant expressly consented to jurisdiction of the Nebraska courts and waived jurisdiction of the Oklahoma courts in workers' compensation matters.

After hearing, and on submission of the parties' testimony and evidence, including medical evidence indicative of job-related injury and disability, the trial court entered its order finding Claimant had suffered compensable injury and awarded benefits for TTD. Employer appealed to a three-judge panel, which affirmed the trial court's order. Employer now seeks review in this court, asserting (1) no Oklahoma contract for hire, depriving the Oklahoma Workers' Compensation Court of jurisdiction to adjudicate the claim, and (2) validity of the "choice of forum" clause in the parties' employment contract.

■■■ We first note that Oklahoma statute mandates application of Oklahoma workers compensation law to work-related injuries sustained by an employee hired in this state regardless of where the injury occurred:

... [A]ll the provisions of the Workers' Compensation Act of this state, Sections 1 et seq. of this title, shall apply to employers and to employees, irrespective of where accident resulting in injury may occur, whether within or without the territorial limits of the State of Oklahoma, when the contract of employment was entered into within the State of Oklahoma, and the said employee was acting in the course of such employment and performing work outside the territorial limits of this state under direction of such employer.

85 O.S.1991 § 4. The Oklahoma Workers' Compensation Court thus has jurisdiction to entertain claims filed under the Oklahoma Workers' Compensation Act where the employer and employee enter the employment contract within the state. *See, e.g., Cherokee Lines, Inc. v. Bailey,* 859 P.2d 1106 (Okla. 1993). However, "the issue of whether an employee was hired within Oklahoma is a jurisdictional question, [and the appellate courts] ... decide independently based upon a de novo review of the record, without deference to the findings of fact or to the legal rulings made below, whether an employer-employee relationship existed in Oklahoma." *Garrison v. Bechtel Corp.,* 889 P.2d 273, 280 (Okla.1995).

■■■ On this issue, we further recognize that "an employer-employee relationship 'is created by contract, either express or implied, or by the unequivocal acts of the parties recognizing the relationship.'" *Cherokee Lines, Inc. v. Bailey,* 859 P.2d 1106, 1110 (Okla.1993); *Beall v. Altus Public School Dist.,* 632 P.2d 400, 401 (Okla.1981). And generally, a contract of employment "is deemed to have been made where the final assent is given." *Cherokee Lines, Inc.,* 859 P.2d at 1110; *Chapman v. Union Equity Cooperative Exchange,* 451 P.2d 3, 5 (Okla. 1969). Stated otherwise, for purposes of determining Oklahoma Workers' Compensation Court jurisdiction under 85 O.S. § 4, "[t]he place where the contract was made is the controlling issue." *Daleo, Inc. v. Edmonds,* 884 P.2d 544, 546 (Okla.1994); *Hartford Ins. Group v. McDaniel,* 526 P.2d 941, 942 (Okla. 1974).

■■■ In analyzing the place-of-contract issue, the Oklahoma Supreme Court in *Daleo* recognized several previous cases. *Cherokee Lines, Inc., supra; Hartford Ins. Group, supra; Sims v. United Bridge and Iron,* 402 P.2d 911 (Okla.1965); *Armstrong v. Guy H. James Const. Co.,* 402 P.2d 275 (Okla.1965). In *Cherokee Lines, Inc.,* the Supreme Court found no Oklahoma employment contract where the claimant executed the contract of employment in Tennessee. 859 P.2d at 1110. In *Hartford Ins. Group,* the Supreme Court found no Oklahoma employment contract where claimant presented no evidence of either (1) an offer of employment by any person authorized to hire employees in Oklahoma, or (2) final assent communicated to the employer prior to the time claimant presented himself on the job site in Arkansas, i.e., no final assent communicated in Oklahoma. 526 P.2d at 944. In *Sims,* the Supreme Court found no Oklahoma employment contract where the evidence showed no act of acceptance in Oklahoma of the offer of employ-

ment. 402 P.2d at 913. In *Armstrong*, the Supreme Court found no Oklahoma employment contract where the evidence showed no final assent given by the employee to employer until he presented himself to the job site in Kansas. 402 P.2d at 276. The Supreme Court in *Daleo* thus found that because employer made no offer of employment in Oklahoma and claimant made no acceptance of employment in Oklahoma, the parties employment contract came into being when claimant presented himself to employer's workplace in California, and held that there was no Oklahoma contract for employment as to establish jurisdiction of the Oklahoma Workers' Compensation Court. *Daleo*, 884 P.2d at 546. From these cases, we conclude that as a matter of fact and law, where employer makes no offer of employment in Oklahoma or employee manifests no acceptance of an offer of employment in Oklahoma, no Oklahoma contract of employment arises.

However, where employer in another state makes an offer of employment, and the prospective employee accepts the offer in Oklahoma, an Oklahoma contract of employment nevertheless arises *even though the employer conditions the offer of employment on performance of certain contingent acts by the employee at some future time and somewhere other than in Oklahoma.* *General Elec. Co. v. Folsom*, 332 P.2d 950 (Okla. 1958). In *Folsom*, the New York employer sent a letter to the prospective employee in Oklahoma offering employment, directing acceptance of the offer by completion of an enclosed application and return thereof to employer. Prospective employee completed the application form and mailed it back to employer. On such a clear delineation of the act required for acceptance of the offer of employment, the Supreme Court found "that, as a matter of fact and law, it was the intention of both Folsom and his employer that his contract of employment come into being in Oklahoma, and that is the State where [the contract] was entered into." *Folsom*, 332 P.2d at 952. Moreover, said the Supreme Court, upon employee's subsequent performance of the contingent acts, "the effective date of his employment related back to, and was coincident with, [employee's] acceptance in Oklahoma of [employer's] offer."

*Folsom*, 332 P.2d at 952. Under *Folsom*, we therefore further conclude that employer's imposition of a condition to the hiring to be performed other than in Oklahoma does not preclude formation of a contract of employment in this state where the parties manifest the requisite intent here.

■ In the present case, however, and contrary to the evidence in *Folsom*, we are not faced with such clear cut evidence of an out-of-state offer and an Oklahoma acceptance. On the one hand, Claimant testified that in his view, Employer "hired" him when Employer's representative telephoned him in Paoli, Oklahoma communicating approval of his application conditioned only on completion and passage of the required testing in Texas and when he then agreed to go to Texas for that purpose. On these facts, and in reliance on *Folsom*, it might be said that a contract of employment so arose during that telephone conversation, and that the date of employment related back to the date of that conversation upon Claimant's successful completion of testing.

On the other hand, an officer of Employer testified at deposition that the recruiting representative who telephoned Claimant had no authority to enter a contract of employment for Employer, and that as a matter of company policy set out to all applicants during the Texas testing, no contract of employment arose until finally accepted by Employer at Employer's home office in Nebraska upon a prospective employee's "qualification" for employment, i.e., applicant's successful completion of all testing required by the United States Department of Transportation and orientation by the company, both conducted in Texas. On these facts and under *Daleo*, it might be said that Employer did not manifest the requisite final assent to a contract of employment until Claimant presented himself at Employer's Texas facility and completed all required testing.

■ We have independently reviewed the record in the instant case. Based on that review of the record, we cannot say that Claimant presented sufficient evidence to establish the requisite intent of Employer to form an Oklahoma contract of employment at

the time Employer's recruiter telephoned Claimant in Oklahoma as to render *Folsom* controlling. We therefore conclude that Claimant did not meet his burden of proof to establish the jurisdictional prerequisite of an Oklahoma contract of employment. *Daleo,* 884 P.2d at 546; *Cherokee Lines, Inc.,* 859 P.2d at 1108. Claimant having failed to clearly establish existence of an Oklahoma contract of employment and attendant jurisdiction of the Oklahoma Workers' Compensation Court, we hold the Workers' Compensation Court had no jurisdiction to grant relief, and the order of the Workers' Compensation Court must therefore be vacated. Having so held, we need not reach the remaining allegation of error concerning enforcement of the choice of forum clause.

The order of the three-judge panel of the Workers' Compensation Court is therefore VACATED.

CARL B. JONES, P.J., and GARRETT, C.J., concur.